UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MARCIA DALE,<br><br>    Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>    Defendant. | Civil No. 1:12-cv-00247-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR REMAND**<br><br>**(Docket No. 9)** |

Currently pending before the Court is Plaintiff's Motion for Remand (Docket No. 9). Having carefully reviewed the record and otherwise being fully advised, the Court enters this Memorandum Decision and Order:

## I. BACKGROUND

1.  On April 7, 2008, Plaintiff Marcia Dale ("Plaintiff") was involved in a motor vehicle accident. *See* Compl., ¶ 1.1 (Docket No. 1, Att. 2).

2.  Plaintiff filed suit on March 16, 2012 in the Fourth Judicial District for the State of Idaho, in and for the County of Ada, against Travelers Insurance Company. *See id*. Plaintiff amended her Complaint on April 19, 2012, substituting out Travelers Insurance Company for St. Paul Fire and Marine Insurance Company ("Defendant") – no additional, substantive changes were made to Plaintiff's Complaint. *See* Am. Compl. (Docket No. 1, Att. 5).

3.  Plaintiff's Amended Complaint seeks damages for alleged "serious personal injuries" and related losses as a result of the April 7, 2008 motor vehicle accident. *See* Am. Compl., ¶ 1.1 (Docket No. 1, Att. 5). Specifically, Plaintiff's suit seeks coverage for those

**MEMORANDUM DECISION AND ORDER - 1**

damages under the underinsured motorist provisions of the automobile liability policy issued by Defendant. *See id.* at ¶¶ 2.5-2.11. Plaintiff alleges that a December 7, 2011 proof of loss statement and supporting documents were submitted to Defendant, but that "Defendant has failed to fully compensate Plaintiff in the amount justly due under the [automobile liability policy]." *See id.* at ¶ 2.11. As a consequence, Plaintiff asserts the following causes of action against Defendant: (1) breach of contract, and (2) specific performance. *See id.* at ¶¶ 3.1-4.2.

4. Consistent with Plaintiff's "pray[er] for judgment against Defendant in an amount in excess of $10,000 . . ." (*see id.* at ¶ 1, p. 6), the above-referenced proof of loss demands $65,000 from Defendant:

> We believe that Ms.Dale's total claim, including general damages should be valued at $90,000. The third-party tortfeasor's liability policy limits were only $25,000 as you can see from the Declaration page provided. Therefore, Ms. Dale is looking at a deficit of $65,000 which will need to be paid from Valley Ride/Traveler's underinsured policy.

*See* Ex. A to Moore Aff. (Docket No. 1, Att. 10).

5. On May 18, 2012, Defendant removed the action to this Court. *See* Def.'s Not. of Removal (Docket No. 1). Therein, Defendant states that Plaintiff is a citizen of the State of Idaho, while Defendant is a foreign corporation with its state of incorporation and principal place of business located in Connecticut. *See id.* at pp. 1-2. Defendant alleges that the amount in controversy exceeds $75,000 in light of the $65,000 proof of loss, coupled with a probable attorneys' fee award in excess of $20,000 in the event Plaintiff prevails at trial. *See id.* at pp. 2-3.

6. On June 6, 2012, Plaintiff filed the at-issue Motion for Remand, arguing that the amount in controversy does not exceed $75,000, as required for diversity of citizenship

**MEMORANDUM DECISION AND ORDER - 2**

jurisdiction under 28 U.S.C. § 1332(a). *See* Mot. for Remand, pp. 1-2 (Docket No. 9). In support of her remand efforts, Plaintiff points to: (1) a May 22, 2012 letter (4 days after Defendant's Notice of Removal) in which Plaintiff offers to settle the action for $52,500, (2) a May 31, 2012 counter-offer from Defendant in the amount of $7,500, and (3) a June 5, 2012 letter in which Plaintiff offers to settle the action for $42,000. *See* Noble Aff. at ¶¶ 2-3 (Docket No. 9, Att. 1).

       7.      Defendant opposes Plaintiff's Motion for Remand, arguing that Plaintiff's "voluntary reduction of the amount demanded causing the amount in controversy to fall below the sum necessary to give the district court jurisdiction does not divest the Court of its jurisdiction." *See* Def.'s Resp. to Mot. for Remand, p. 1 (Docket No. 11).

## II. DISCUSSION

**A.**    **Legal Standard**

Removal from state court is governed by 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Section 1441(b) allows for removal based on diversity of citizenship, which is further defined by section 1332(a) as requiring that (1) the parties have diverse citizenship, and (2) the amount in controversy exceeds the sum or value of $75,000.

Federal courts strictly construe the removal statute against removal. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 853 F.2d 662, 663 (9th Cir. 1988)). In diversity cases where the amount in controversy is in doubt, there is a presumption against removal jurisdiction, which means that the defendant always has the burden of establishing that removal is proper. *See* id. (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). This burden is satisfied if the plaintiff claims a sum greater than the

**MEMORANDUM DECISION AND ORDER - 3**

jurisdictional requirement of $75,000 or if the amount claimed is unclear from the complaint and the defendant proves by a preponderance of the evidence that "more likely than not" the jurisdictional requirement is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "more likely than not" standard strikes an appropriate balance between the plaintiff's right to choose its forum and the defendant's right to remove. *See id.*; *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

To determine whether the defendant has proved that the amount in controversy has been met, the Court should consider "facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). Relief which may be included in the amount in controversy includes (1) compensatory damages, (2) punitive damages, (3) the value of injunctive relief, and (4) attorneys' fees. *See id*. at 840; *see also Simmons v. PCR Technology*, 2009 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

**B.      Analysis**

The parties agree that complete diversity is not in question here; rather, the issue presented for this Court's consideration is whether the amount in controversy exceeds $75,000. Because Plaintiff's Amended Complaint specifies damages "in excess of" $10,000 in damages, the amount in controversy in this case is unclear on its face. The burden is therefore upon Defendant to prove by a preponderance of the evidence that it is more likely than not that more then $75,000 is at stake. With this in mind, Defendant argues that the likely amount of attorneys' fees (if Plaintiff was to prevail at trial) adds up to more than $20,000 and that this

**MEMORANDUM DECISION AND ORDER - 4**

amount, when added to the $65,000 originally sought via Plaintiff's December 7, 2011 proof of loss, clearly exceeds the jurisdictional minimum. The undersigned agrees.

First, the Ninth Circuit has held that, subject to a "good faith" requirement in pleading, a plaintiff can sue for less than the amount she may be entitled to in order to avoid federal jurisdiction. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). However, while a plaintiff is free to plead an amount below the jurisdictional minimum (or, to negotiate below that amount for purposes of settlement), the amount in controversy is determined as a general matter from the pleadings as they exist at the time a petition for removal is filed.[1] Events occurring subsequent to removal which reduce the amount in controversy, whether beyond the plaintiff's control or the result of her volition, do not oust the federal district court's jurisdiction once it has attached. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 293 (even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."). Thus, the fact that Plaintiff may have reduced any demand from $65,000 *after* Defendant's Notice of Removal is immaterial toward establishing the requisite amount in controversy to trigger this Court's jurisdiction.

Second, as Defendant correctly points out (and not particularly disputed by Plaintiff), attorneys' fees may be included in the amount in controversy when a statute authorizes those

---

[1] There are nuances to this general rule, such as where the threshold amount in controversy is not sufficiently certain from the initial pleading, but is later revealed to be satisfied. In such circumstances, "...a notice of removal may be filed within 30 days after receipt...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**MEMORANDUM DECISION AND ORDER - 5**

fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Idaho law permits an attorneys' fees award where a successful litigant recovers under the terms of an automobile liability policy. *See, e.g.*, I.C. § 41-839; *see also* Am. Compl., ¶ 2.11 (Docket No. 1, Att. 5) ("Plaintiff is entitled to attorneys fees and costs pursuant to Idaho Code, including IRCP 54, Idaho Code section 41-1839, and case law . . . ."). Still, Defendant must do more than merely point to Plaintiff's request for attorneys' fees; upon removal, it must demonstrate the probable amount of attorneys' fees in this case. *See Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (citing *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (explaining that "bald statement" that attorneys' fees "may well, in and of themselves, exceed the jurisdictional minimum . . . . does not suffice to create subject matter jurisdiction," and instead defendant must provide evidence to establish the approximate cost of plaintiff's attorneys' fees, including evidence supporting a reasonable estimate of the time the case will require and counsel's hourly billing rate)). Through J. Nick Crawford's Affidavit, Defendant has demonstrated that Plaintiff's attorneys' fees likely amount to something more than $10,001 (the sum necessary to exceed the $75,000 jurisdictional amount when combined with the $65,000 proof of loss). Mr. Crawford is a partner in a local law firm (not involved in this action); he has been a licensed attorney in Idaho since 1984; and he has extensive trial and litigation experience in a number of practice areas, including but not limited to, insurance defense, insurance coverage, and commercial litigation. *See* Crawford Aff. at ¶ 2 (Docket No. 1, Att. 7). According to Mr. Crawford, the reasonable hourly fee for an attorney handling this type of litigation ($150-$200/hour), multiplied by the likely number of hours involved in taking this matter through trial (200-300 hours), results in at least $30,000 in attorneys' fees ($150/hour multiplied by 200 hours). *See id*. at ¶¶ 3-5. Plaintiff does not offer any objection to Mr.

**MEMORANDUM DECISION AND ORDER - 6**

Crawford's analysis and, likewise, the Court sees no reason to question Mr. Crawford's overall opinion in these respects (at least insofar as the attorneys' fees involved in bringing and pursuing a case such as this case will likely amount to at least $10,001).

Considering the $65,000 proof of loss alongside at least $10,001 in attorneys' fees in pursuing this action through trial, the Court is satisfied that Defendant has proved by a preponderance of the evidence that more than $75,000 is at stake here. Plaintiff's Motion for Remand is therefore denied.

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT Plaintiff's Motion to for Remand (Docket No. 9) is DENIED. The Court will schedule a telephonic scheduling conference moving forward.



DATED: **October 22, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**